# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **International Confections Company, LLC** | : | |
| **1855 East 17th Avenue** | : | |
| **Columbus, Ohio 43215,** | : | |
| | : | **Case No.** |
| **Plaintiff,** | : | |
| | : | **Judge** |
| vs. | : | |
| | : | **Magistrate** |
| **Z Capital Group, LLC** | : | |
| **Two Conway Park** | : | |
| **150 Field Drive, Suite 300** | : | |
| **Lake Forest, Illinois 60045** | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| **and** | : | |
| | : | |
| **Z Capital Partners, LLC** | : | |
| **Two Conway Park** | : | |
| **150 Field Drive, Suite 300** | : | |
| **Lake Forest, Illinois 60045,** | : | |
| | | |
| **Defendants.** | | |

## COMPLAINT

For its Complaint, plaintiff International Confections Company, LLC alleges as follows:

### NATURE OF THE CASE

1. This case arises out of the defendants' tortious interference with a lucrative contract between International Confections and Mrs. Fields Franchising. Mrs. Fields Franchising granted International Confections a seventeen-year license to create, market, and distribute certain types of dessert products under the Mrs. Fields brand. In the second year of that agreement, defendants, investors in a separate, unaffiliated entity that owns Mrs. Fields Franchising, induced Mrs. Fields Franchising to terminate the license agreement by instructing

Mrs. Fields to falsely declare a default.  Defendants' tortious interference has caused International Confections millions of dollars in damages.

## THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, International Confections Company, LLC, is an Ohio limited liability company.  International Confections' sole member resides in and is a citizen of Ohio.

3. Z Capital Group, LLC is a Delaware Limited Liability Company with its principal place of business in Illinois.  On information and belief, none of Z Capital Group, LLC's members are residents or citizens of Ohio.

4. Z Capital Partners, LLC is a Delaware Limited Liability Company with its principal place of business in Illinois.  On information and belief, none of Z Capital Partners, LLC's members are residents or citizens of Ohio.

5. This Court has subject matter jurisdiction over this case because the parties are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

6. This Court has personal jurisdiction over the defendants.  The License Agreement with which defendants tortuously interfered was with International Confections (an Ohio LLC), and required International Confections to sell products in a territory that included Ohio.  Defendants intentionally caused contractual and tortious injury to International Confections in Ohio.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because defendants are residents of this District for purposes of the venue statute.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred

here.  Alternatively, venue is proper in this District under 28 U.S.C. § 1391(b)(3) because defendants are subject to this Court's personal jurisdiction.

## THE LICENSE AGREEMENT

8. Mrs. Fields Franchising entered into a License Agreement with International Confections dated May 16, 2013.  The term of the License Agreement was to continue until December 31, 2030.  A true copy of the License Agreement is attached as Exhibit A to this Complaint.

9. Under the License Agreement, Mrs. Fields Franchising granted International Confections the irrevocable exclusive right to use certain Mrs. Fields Franchising trademarks, trade names, service marks, and recipes to manufacture, market, and sell "Royalty Bearing Products" through "Designated Distribution Channels" throughout the "Territory."

10. The "Royalty Bearing Products" were boxed chocolates; brittles; chocolate-based bars and novelties; fudge; gourmet taffy; gourmet candy canes and sticks; gourmet suckers and lollypops; gourmet hard candies; nut rolls; drinking chocolate; a non-frozen, non-refrigerated, chocolate-enrobed cookie dough product; and a chocolate-enrobed "Nibblers" style cookie.

11. The "Designated Distribution Channels" were grocery stores, supermarkets, convenience stores, mass merchandisers, club stores, direct on-line sales, and other prepackaged food and snack distribution channels.

12. The "Territory" was the United States of America, Canada, and Mexico.

13. The License Agreement did not only permit International Confections to sell Royalty Bearing Products—it required it.  Section 6 of the License Agreement required International Confections to sell enough Royalty Bearing Products to meet minimum running royalty targets.

14. Mrs. Fields Franchising had the right to purchase Royalty Bearing Products from International Confections at a most favored nations price to sell at Mrs. Fields Franchising Cookies store locations owned and operated by Mrs. Fields Franchising or its licensees or franchisees. Any such purchases were to be free on board International Confections' Columbus, Ohio facility. Mrs. Fields Franchising either owns and operates Mrs. Fields Franchising Cookies stores in Ohio or has authorized one or more licensees or franchisees to operate Mrs. Fields Cookies stores in Ohio.

15. Mrs. Fields Franchising also retained quality control rights under the License Agreement, including the right to approve products and any product packaging. Mrs. Fields exercised those rights by requiring International Confections to obtain approval for products and packaging before distribution.

16. Mrs. Fields Franchising agreed to send any required notices to International Confections in Columbus, Ohio.

### DEFENDANTS INDUCE MRS. FIELDS FRANCHISING
### TO TERMINATE THE AGREEMENT UNLAWFULLY

17. International Confections sold the Royalty Bearing Products under the License Agreement.

18. Defendants are asset management and private equity firms that invest in various non-affiliated businesses and actively direct those business on their operations, including the entity that owns Mrs. Fields Franchising. In 2014, defendants directed Mrs. Fields Franchising to terminate its license agreements with entities like International Confections, regardless of whether the licensees were in default. Defendants knew of Mrs. Fields Franchising's license agreements and their terms, including the License Agreement with International Confections.

19. At defendants' direction, and despite the fact that International Confections had not defaulted, Mrs. Fields Franchising sent a "Notice of Termination" to International Confections' Columbus office on or around September 26, 2014. Because International Confections was not in default, Mrs. Fields Franchising had no right to terminate the license agreement. This termination was unlawful.

20. Defendants' direction also induced Mrs. Fields Franchising to breach a Consent to Collateral Assignment to which International Confections was a party. A true copy of the Consent is attached as Exhibit B to this Complaint. This Consent required Mrs. Fields Franchising to give an entity called Maxfield Candy Company notice of and opportunity to cure any alleged default by International Confections. Mrs. Fields Franchising breached the Consent as well.

### EFFECTS OF DEFENDANTS' UNLAWFUL INTERFERENCE

21. Defendants knew that International Confections was expanding its business and had a line of credit with TAB Bank. After terminating the License Agreement at defendants' direction, Mrs. Fields Franchising falsely notified TAB Bank that International Confections had defaulted under the License Agreement, despite having no duty to notify Tab Bank of any alleged default.

22. As a result, TAB Bank petitioned to have International Confections taken into receivership in Utah. A receivership proceeding was opened.

23. Although International Confections was able to reach a resolution with TAB Bank, another creditor of International Confections called its loan.

24.     While International Confections had been effectively able to manage debt, it could not afford to pay all of its outstanding loan at one time.  Accordingly, the receiver put International Confections' assets up for sale.

25.     Mrs. Fields Confections, LLC, an affiliate of Mrs. Fields Franchising, purchased International Confections' assets through the receivership sale.

26.     The defendants' actions have prevented International Confections from continuing its business operations, resulting in the of loss substantial profits.

## **COUNT ONE – TORTIOUS INTERFERENCE WITH CONTRACT**

27.     International Confections incorporates the above allegations by reference as if fully restated here.

28.     The License Agreement and Consent to Collateral Assignment were valid and enforceable contracts between Mrs. Fields Franchising and International Confections.

29.     Defendants knew of the License Agreement and Consent.

30.     Defendants intentionally procured the breach of the License Agreement and the Consent by directing Mrs. Fields Franchising to terminate the License Agreement unlawfully.

31.     Defendants lacked justification for inducing Mrs. Fields' termination and breach.

32.     International Confections has suffered damages as a result of defendants' tortious interference.

**WHEREFORE**, International Confections requests judgment against defendants jointly and severally as follows:

  A.  For money damages in excess of $75,000, plus pre- and post-judgment interest;

  B.  For its costs and attorney fees; and

  C.  For all other relief this Court deems just and proper.

          Respectfully submitted,

          /s/ Barton R. Keyes
          Rex H. Elliott    (0054054)
          rexe@cooperelliott.com
          Barton R. Keyes   (0083979)
          bartk@cooperelliott.com
          Cooper & Elliott, LLC
          2175 Riverside Drive
          Columbus, Ohio 43221
          (614) 481-6000
          (614) 481-6001 (Facsimile)

          Attorneys for Plaintiff
          International Confections Company, LLC

## JURY DEMAND

Plaintiff demands a jury trial before the maximum number of jurors allowed by law on all issues so triable.

          /s/ Barton R. Keyes